ISAAC AND PETER STEPHENS *v.* W. S. BISHOP ASSIGNEE &c.

**Gifts—Not Subject to Bankruptcy Proceedings.**

A gift by a father to his "son and his heirs," is held to enure to the use and benefit of them alone, and not subject to proceedings in bankruptcy to subject same to the debts of the son.

**Same—Creditors.**

As creditors have no right to prescribe the terms of a gift, a condition that property deeded to the debtor and his heirs, free from his debts, is held to be both moral and legally right.

**Same—Answer—Demurrer.**

An answer setting up such grounds of defense, is not subject to demurrer.

APPEAL FROM BALLARD CIRCUIT COURT.

November 30, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Whatever vendible interest, if any, held by the bankrupt in the land sued for in this case passed to the appellee as the appellant's assignee in bankruptcy. And the circuit court had equitable jurisdiction to adjust the title, require a surrender of possession, and sell the bankrupt's interest under the deed of trust by his father to his brother. Had he himself owned the legal title and conveyed it in trust or had he bought it and had it conveyed in like manner as the owner and donor did, his creditors, might have subjected his beneficial interest which could not, by any provision in the deed, have been availably exempted from their demands.

But his father, as owner of the land gave it to him and his children, and had a right, both moral and legal, to secure it to their use as a home against the claims of creditors who have no right to object to or prescribe the terms of the gift and have not been injured by them as fixed by the donor as fundamental conditions of his bounty.

The spirit and context of the conveyance show that the word "heirs" was intended to mean children, and that the donor's

purpose was to secure a home for the appellant and his children. And, to that end, he expressly provides, as he had a right to do, that creditors should never touch it, and conveyed the title for the joint use of father and children as a home for the family.

The answer, relying on these grounds, presents and effectual bar to the asserted equity of the appellee for the benefit of creditors to sell any inseparable interest in the land and thereby frustrate the benevolent object of the donor who rightfully chose the terms and conditions of his gratuity.

The circuit court therefore erred in sustaining the demurrer to the answer and decreeing a sale of the land.

Wherefore the judgment is reversed and the cause remanded with instructions to dismiss the petition.

*Rodman,* for appellant.

*White & Bishop,* for appellee.

